TERRY et al. v. RUTLAND.   (No. 2506.)

(Court of Civil Appeals of Texas. Texarkana.
Feb. 9, 1922.)

1. Injunction ⬅118(4)—Petition to enjoin multiplicity of suits held insufficient.

A petition in a suit to enjoin a multiplicity of suits, which did not allege the character thereof, the cause of action, or whether they were legally authorized to be joined, and set up no affirmative facts showing an illegal splitting up of a cause of action or any specific defense, held insufficient.

2. Appeal and error ⬅1177(4) — Cause remanded on reversal for insufficiency of petition where right to amendment exists.

On reversal of a judgment for plaintiff in a suit to enjoin a multiplicity of suits, because of the insufficiency of the petition, the cause will be remanded; plaintiff being entitled to amend.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Suit by Rix Rutland to enjoin a multiplicity of suits by W. W. Terry and another. From an order granting a temporary injunction, defendants appeal. Reversed and remanded.

Hall, Brown & Hall, and Cary M. Abney, all of Marshall, for appellants.

Jack B. Blalock and John E. Taylor, both of Marshall, for appellee.

LEVY, J. [1] The appeal is from an order granting a temporary injunction, made on an application having for its object to prevent, by injunction, a multiplicity of suits. A general demurrer was entered against the petition and overruled, and the question on

appeal is as to the sufficiency of the petition against a demurrer. The petition states that a number of suits were filed in the justice court by appellants against appellee, but the petition does not allege the kind or character of suits or the cause of action. Whether the suits were legally authorized to be joined, or whether they were legally required to be separate actions, cannot be said from the face of the petition. And the petition does not set up any affirmative facts authorizing the court to conclude that there was a wrongful and illegal splitting up of a cause of action into many suits. Neither is there any specific defense alleged.

[2] For the several reasons outlined and expressed to counsel in the oral argument of the case, the assignments here are sustained, and it is held that the court erred in overruling the general demurrer. As the plaintiff in the application is entitled to amend, the judgment is reversed, and the cause remanded.