## TEXAS EMPLOYERS' INS. ASS'N v. DAVIES.  (No. 3016.)

Court of Civil Appeals of Texas.  Amarillo.
May 2, 1928.

Rehearing Denied May 30, 1928.

1. **Master and servant** ⟨Key⟩417(5)—In suit to set aside award, cross-petition which neither alleged giving of notice, filing of claim, nor that such prerequisites were waived, held insufficient (Rev. St. 1925, art. 8307, §§ 4a, 5).

In suit to set aside an award made under the Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309), where claimant brought cross-action but failed to allege that he had given notice of his injury to his employer or the association within 30 days after it was received, and did not allege excuse because he failed to allege that he had made claim to insurance carrier within six months after his injuries as required by Rev. St. 1925, art. 8307, § 4a, held, that under section 5 of the article, when either party brings controversy into courts, trial there shall be de novo, and burden of proof shall be on claimant that pleading was insufficient.

2. **Master and servant** ⟨Key⟩417(7)—That board found in claimant's favor did not necessarily include finding that association was compensation insurer and liable (Workmen's Compensation Act).

In proceeding under Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309), fact that board found in claimant's favor did not necessarily include finding that its employer's insurance association was compensation insurer, and that such finding was sufficient to show its liability.

3. **Master and servant** ⟨Key⟩417(5)—When association files action to vacate award, trial is de novo, and claimant has burden of alleging and proving every necessary fact to recovery (Workmen's Compensation Act).

In proceeding under the Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309), when employer's insurance association files action to annul and vacate award, then by virtue of express statutory provision trial must be de novo, and claimant has burden of alleging and proving every necessary fact to show jurisdiction of court as well as his right to recover.

4. **Master and servant** ⟨Key⟩417(5)—Report before board finding its way into statement of facts being without probative force will not support verdict or judgment (Workmen's Compensation Act).

In suit under Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309), brought by association to annul and vacate an award, where report before board was not introduced in evidence but found its way into statement of facts, held, that this did not give it any degree of weight or render it of any probative force, since act expressly declares that it is not admissible

as evidence; hence rule that evidence which is wholly incompetent, therefore without probative force, applies, rendering report wholly incompetent to support verdict for judgment.

**5. Master and servant ⬨⟾417(5)—Cross-petition alleging claimant received at time of injury average weekly wage of $48 held insufficient under statute defining average weekly wage (Rev. St. 1925, art. 8309, § 1, subds. 1, 2, 3).**

In suit by association against claimant under Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309) to annul and vacate award, where claimant alleged in cross-action that he was receiving at time of injuries average weekly wage of $48 per week and more, and that he was earning that sum at time he was injured as carpenter and master mechanic, *held*, that such allegation was insufficient under Rev. St. 1925, art. 8309, § 1, subds. 1, 2, 3, defining average weekly wage.

**6. Master and servant ⬨⟾418(7)—Where demurrer to cross-petition of claimant in suit to vacate award was not urged, held, that cause must be remanded to give claimant opportunity to amend (Workmen's Compensation Act).**

In suit by association under Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309) to set aside and vacate an award made to claimant, where general demurrer was taken against cross-petition of claimant but was not urged, *held*, that cause must be remanded to give claimant opportunity to amend if he so desires.

**7. Master and servant ⬨⟾417(5)—Where evidence at time of trial showed that claimant's injuries were not healed, held, it was still question of fact whether he was permanently or totally incapacitated (Workmen's Compensation Act).**

In suit by association under Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309) to set aside and vacate award made to claimant, where evidence at time of trial showed that claimant's leg was still in brace and that his injuries had not entirely healed, *held*, that it was still question of fact whether he was permanently or totally incapacitated.

**8. Trial ⬨⟾396(1)—Findings by court without support of pleadings or competent evidence are improper.**

Findings made by court without support of pleadings or competent evidence are improper.

**9. Evidence ⬨⟾493—Testimony of claimant over objection that he did not think he would be able to do manual labor again because of injuries held admissible (Workmen's Compensation Act).**

In suit by association to set aside an award made to claimant under Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309), testimony of claimant that he was not able to do manual labor and he had not been able since injured, and over objections further testimony that he did not think he would be able to do any manual labor in future, *held* admissible, since injured party claiming damages, after describing nature and extent of injuries and effect thereof upon nervous physical system,

may give opinion as to probable effect of such injuries upon his earning capacity in future.

**10. Master and servant ⬨⟾417(5)—In suit to set aside award, testimony of claimant bringing cross-action for lump settlement that work was bread and meat proposition held admissible as evidence of financial condition (Workmen's Compensation Act).**

In suit by association to set aside an award made to claimant under Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309), testimony of claimant that he had to drive himself to work, and that it was bread and meat proposition, *held* admissible as evidence of financial condition of claimant upon issue of lump settlement.

**11. Trial ⬨⟾115(2)—It is error for counsel in argument to jury to inform them what result of their findings will be.**

It is error for counsel in argument to jury to inform them as to what result of their findings will be.

Appeal from District Court, Lubbock County; Clark M. Mullican, Judge.

Suit by the Texas Employers' Insurance Association against Walter Davies to set aside an award of the Industrial Accident Board. Cross-action by the defendant. From the judgment, the plaintiff appeals. Reversed and remanded.

Leachman & Dardere, of Dallas, and Wilson & Randal and J. I. Kilpatrick, all of Lubbock (S. P. Sadler, of Dallas, of counsel), for appellant.

Vickers & Campbell and Walter F. Schenck, all of Lubbock, for appellee.

HALL, C. J. The appellant, hereinafter called the association, filed this suit in the district court of Lubbock county, against the appellee Davies, and his attorneys, Vickers, Campbell & Schenck, to set aside an award of the Industrial Accident Board dated May 2, 1927, which gave compensation to Davies as an employee of James T. Taylor, for total incapacity in consequence of injuries sustained by Davies while engaged in the course of his employment for a period of 111 weeks at $20 per week, and for permanent, partial incapacity of 80 per cent. on account of injuries to his leg, at the fixed rate of $20 per week, beginning April 20, 1927, and continuing thereafter for the full period of 89 weeks, less attorneys' fees ordered paid to Vickers, Campbell & Schenck.

The petition alleges that the court had jurisdiction of the amount involved and of the parties; that the association was engaged in the compensation insurance business under the laws of Texas, and under the Workmen's Compensation Law (Rev. St. 1925, arts. 8306–8309); that an award had been made by said board in favor of compensating appellee, from which it gave notice of appeal, and that this suit was filed in the required time. It is further alleged that—

---

⬨⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"Said Walter Davies claims compensation before said Industrial Accident Board, and is now claiming compensation in an amount within the jurisdiction of the district court."

The appellee answered, alleging that appellant was not entitled to have the award of the board set aside; that it had no right to have said award declared illegal; and that compensation was due him from the association, which compensation had only been paid in part. He further alleged, in the nature of a cross-action, that appellant association was engaged in such compensation business and was an insurer of James T. Taylor, under said law, who was the employer of appellee; that appellee was injured in the course of his employment March 5, 1925; that his injuries were permanent and they totally incapacitated him to do manual labor. He set out in detail the nature and extent of his injuries, and alleged that they disabled him from doing the labor he was accustomed to and qualified to do. He alleged that his earning capacity before the injury was $48 per week, and that he had worked for several years at such wages as a master mechanic, and prayed for compensation at the rate of $20 per week for total permanent disability for a period of 401 weeks, less the sum of $1,880, which appellant had paid him. He further asked that his compensation be paid him in a lump sum, less the legal discount, for the reason that hardship and injustice would result if such payment was not made in a lump sum.

In the alternative, he alleged that he had been permanently injured and totally incapacitated for 111 weeks, which was followed by partial incapacity for a period of 290 weeks, and that 60 per cent. of the difference between his earning capacity, prior to his injury and since, amounted to more than $20 per week, and prayed, in the alternative, that he recover at the rate of $20 per week for 111 weeks on account of his total incapacity and for the same sum during a period of 290 weeks, on account of partial incapacity following said total incapacity.

By a supplemental petition, the association, in addition to general demurrer and a general denial, alleged that Davies was totally incapacitated for only 52 weeks, and thereafter was partially incapacitated; that his injury was confined to one leg below the knee, and that he received no other injuries; and that whatever other injuries, if any, he received only partially incapacitated him after the 52 weeks.

In response to issues submitted, the jury found: (1) That Davies suffered a permanent and total incapacity for work not only from the date of his injury on March 5, 1925, to June 1, 1926, as admitted by appellant, but from and after June 1, 1926, as the proximate result of such injuries; and (2) that there will result a manifest hardship and injustice to him if his compensation is not paid him in a lump sum.

[1] The first contention to be considered is that the court erred in overruling the association's demurrer to the cross-action filed by the appellee, because it failed to allege that Davies had given notice of his injury to his employer or to the association within 30 days after the happening of the injury, and contained no allegations excusing such failure; because he failed to allege that he had made claim to the plaintiff within 6 months after his injuries and had given notice to the Industrial Accident Board within 30 days after the injury, or to allege facts excusing such failure; that he had made claim for compensation to said board within 6 months after the happening of the injury, or facts excusing said failure, and did not allege the basis for computing his compensation by stating his weekly wage.

Revised Statutes 1925, art. 8307, § 4a, makes it the duty of the injured claimant to give the association or the subscriber notice of his injuries within 30 days after the happening thereof, and expressly provides that failing to give such notice, no proceeding for compensation shall be maintained. The same inhibition applies when no claim for compensation has been made within the 6 months, as provided in that section. It is further provided, however, that for good cause shown, the board may waive strict compliance with such limitations upon the claimant's right to maintain his action.

In the instant case, Davies neither alleged the giving of the notice, the filing of his claim, nor that such prerequisites were waived by the board. These facts were not alleged by the appellant. We are therefore of the opinion that the appellant's general demurrer to the appellee's cross-action should have been sustained.

Section 5 of this article of the statute declares that when either party brings the controversy into the courts, the trial there shall be de novo, and that the burden of proof shall be upon the claimant. The rule that every issuable fact necessary to be proven must be alleged is fundamental, and this is especially true when the facts to be proven are necessary to show the jurisdiction of the court. This question of the sufficiency of the pleadings seems to be definitely settled in the case of Mingus v. Wadley, 115 Tex. 551, 285 S. W. 1084, which arose under the Workmen's Compensation Act. In her pleading, Mrs. Wadley made certain allegations showing a necessity for a receivership, but there was no allegation to the effect that notice had not been given of refusal to abide by the award, and none to the effect that suit had not been filed to set the award aside. In discussing the sufficiency of the pleadings, Judge Cureton said:

"This suit arises out of a workmen's compensation proceeding, and it is therefore in derogation of the common law. The rights to be enforced, and all the remedies provided therefor, are purely statutory, as distinguished from the

common-law rights and remedies. * * *

"The general rule is that where the cause of action and remedy for its enforcement are derived not from the common law but from the statute, the statutory provisions are mandatory and exclusive, and must be complied with in all respects or the action is not maintainable. * * *

"The Workmen's Compensation Act having created the rights to be enforced and provided the remedy therefor, each step in the progress of the maturity of a claim from the time of the injury to its final adjudication is a mandatory requirement, necessary to the exercise of jurisdiction by the first and succeeding statutory agencies."

[2, 3] The fact that the board found in Davies' favor does not necessarily include the finding that the appellant was the compensation insurer, and that such a finding was sufficient to show liability of appellant in this case. When the association filed this action to annul and vacate the award, then, in virtue of the express statutory provision, the trial must be de novo, and the claimant has the burden of alleging and proving every necessary fact to show the jurisdiction of the court, as well as his right to recover.

As said by this court, in Texas Employers' Insurance Association v. Downing, 218 S. W. 112, 120:

"As we have already seen, the trial, when the case is taken into the courts, is de novo, and the burden of proof is upon the party claiming compensation. While the petition in such suit should refer to the proceeding before the Industrial Accident Board, in order to show the jurisdiction of the court, and it would, perhaps, be necessary to file a certified copy of the award in such proceeding, the question of jurisdiction is for the determination of the court, and the award of the Board is immaterial to any issue that is to be tried by the jury, and is no more admissible in evidence before it than the transcript of the judgment on the trial of an appeal before the justice's court, in which case it is held that it is improper to introduce in evidence before the jury or refer to the findings in the justice's court." Watts v. Texas Employers' Ins. Ass'n (Tex. Civ. App.) 264 S. W. 186; Maryland Casualty Co. v. Baker (Tex. Civ. App.) 277 S. W. 205.

[4] The report was not introduced in evidence, but found its way into the statement of facts. This, however, does not give it any degree of weight or render it of any probative force. The Compensation Act expressly declares that it is not admissible as evidence, and the rule is that evidence which is wholly incompetent, and therefore without probative force, gains no vitality, even though it is admitted in evidence, without objection, and appears in the record. It is wholly incompetent to support a verdict or a judgment. Henry v. Phillips, 105 Tex. 459, 151 S. W. 533; Southern Surety Co. v. Nalle (Tex. Com. App.) 242 S. W. 197.

[5] The demurrer should have been sustained for the further reason that the pleadings were insufficient as a basis for the admission of proof showing what was appellee's average weekly wage. The cross-action alleged as follows:

"That Davies was receiving, at the time of his injuries, an average weekly wage of $48 per week and more, and that he was earning that sum at the time he was injured. He was a carpenter and master mechanic by trade and occupation and was doing this character of work, and was receiving said compensation of $48 per week, when injured."

These allegations are not sufficient, under Revised Statutes 1925, art. 8309, § 1, subds. 1, 2, or 3. Texas Employers' Insurance Ass'n v. Fitzgerald (Tex. Com. App.) 296 S. W. 509.

[6] The court did not err in refusing to direct a verdict for appellant, because appellee's cross-petition was defective as against a general demurrer. The demurrer was not urged, and the cause must therefore be remanded to give appellee an opportunity to amend, if he desires to do so. Hayden v. Kirby, 31 Tex. Civ. App. 441, 72 S. W. 198; O'Bannon v. Pleasants (Tex. Civ. App.) 153 S. W. 719; Terry v. Rutland (Tex. Civ. App.) 238 S. W. 709.

[7] In view of the fact that the case must be remanded for another trial, we will not discuss the evidence relating to the propositions which bear upon the extent and duration of the appellee's incapacity further than to say that the court did not err in not directing a verdict for appellant upon that phase of the case. We are not prepared, as appellant insists we should, to declare, as a matter of law, that Davies was neither permanently nor totally incapacitated, since the evidence, at the time of the trial, showed that his leg was still in a brace and that his injuries had not entirely healed. According to the following decisions, it is still a question of fact whether Davies was permanently and totally incapacitated: Employers' Liability Assurance Corporation v. Williams (Tex. Civ. App.) 293 S. W. 210; Security Union Casualty Co. v. Britton (Tex. Civ. App.) 294 S. W. 925; United States Fidelity & Guaranty Co. v. Vogel (Tex. Civ. App.) 284 S. W. 650; Lumbermen's Reciprocal Association v. Anders (Tex. Civ. App.) 292 S. W. 265; Commonwealth Bonding & Casualty Co. v. Bryant (Tex. Sup.) 240 S. W. 893.

[8] The additional findings filed by the court were improperly made, there being neither pleadings nor competent evidence to sustain them.

[9] Under several propositions, the appellant complains of the court's action in permitting Davies, while a witness in his behalf, to testify that he was not able to do manual labor and had not been able, since his injury, and, over objections, further testified that he did not think he would be able to do any manual labor in the future. Whatever the rule may be in other jurisdictions, the weight of authority in Texas is that an injured party

claiming damages may, after describing the nature and extent of his injuries, and the effect thereof upon his nervous and physical system, give his opinion as to the probable effect of such injuries upon his earning capacity in the future. Texas & Pacific Ry. Co. v. Rasmussen (Tex. Civ. App.) 181 S. W. 212; Weatherford, M. W. & N. W. Ry. Co. v. White, 55 Tex. Civ. App. 32, 118 S. W. 799; Galveston, H. & S. A. Ry. Co. v. Holyfield (Tex. Civ. App.) 91 S. W. 353; St. Louis S. W. Ry. Co. v. McDowell (Tex. Civ. App.) 73 S. W. 974; M. K. & T. Ry. Co. v. Reno (Tex. Civ. App.) 146 S. W. 207; H. & T. C. Ry. Co. v. Fanning, 40 Tex. Civ. App. 422, 91 S. W. 344; Texas & Pacific Ry. Co. v. Watts, 36 Tex. Civ. App. 29, 81 S. W. 326; Employers' Liability Assurance Association v. Williams (Tex. Civ. App.) 293 S. W. 210.

[10] It is next contended that the court erred in admitting in evidence, over the appellant's objections, the testimony of appellee that he had to drive himself to work, and that it was a bread and meat proposition. Evidence of the financial condition of the claimant is admissible upon the issue of a lump sum settlement. Texas Indemnity Insurance Co. v. Wilson (Tex. Civ. App.) 281 S. W. 289.

[11] It is error for counsel, in argument to the jury, to inform them as to what the result of their findings will be. We are inclined to the opinion that the language complained of transgresses this rule.

The judgment is reversed, and the cause is remanded.