### CENTRAL TEXAS MUT. LIFE ASS'N v. PARRISH. (No. 883.)

Court of Civil Appeals of Texas. Waco. Jan. 2, 1930.

Rehearing Denied Jan. 23, 1930.

Collins & Martin, of Hillsboro, for appellant.

Frazier & Averitte, of Hillsboro, for appellee.

BARCUS, J. Appellee, an 18 year old boy, instituted this suit, by his father as next friend, to recover from appellant $1,000, which he claimed to be due under an accident policy which he alleged appellant had issued to him, and was payable by reason of

his having lost one eye. The cause was tried to a jury and submitted on two issues: First, whether appellee was a member of appellant association in good standing; and, second, whether, while in good standing, he had lost the sight of his left eye. The jury answered each of said questions, "Yes." No other issue was requested by either party, except appellant requested an instructed verdict. It was admitted that, if appellee was entitled to any recovery, he was entitled to $678. The trial court entered judgment for appellee for said amount.

■ Appellant by its first three propositions contends that its peremptory instruction should have been given, or that the findings of the jury and judgment of the trial court should be set aside and appellee denied a recovery, on the theory that there was no evidence that appellee had accepted the policy of insurance. The insurance policy sued on contained in the body thereof this statement:

"*Important Notice.* This certificate is not valid until countersigned in ink on the reverse side hereof by the member in whose name it is written."

Appellant's contenton is that there was no evidence which authorized the trial court or jury to hold that appellee had countersigned and thereby accepted the policy of insurance as required by the quoted portion above. We overrule these propositions. While appellee testified that he did not remember signing any acceptance of the policy, and then later stated that he never signed any acceptance of the policy himself, and that his father had received the policy, it appears that after he had so testified the policy of insurance was offered in evidence by appellee without any objection on the part of appellant. The policy shows that appellee had, on the reverse side thereof, signed his name and accepted said policy in the form specifically provided therefor by the "Important Notice" quoted above. There was no contention made that the signature of appellee on said policy was a forgery, or that it was not genuine. Since the policy itself, together with said indorsement, was without objection offered in evidence, and no issue being raised with reference to the genuineness of said signature, appellant's propositions are without merit.

■ By its only remaining proposition, presented under four assignments of error, appellant contends that the trial court was in error in permitting appellee, Alton Parrish, to testify that at the time he took out the policy of insurance he had good vision in both of his eyes, and that after the accident he had lost the sight in his left eye, and that before he had the accident he could see out of his left eye as well as he could his other eye; appellant's objection to said testimony being that same were mere conclusions of the witness. We overrule this proposition. Unques-

tionably, appellee had a right to testify that prior to the accident he could see out of his left eye, and that after the accident he could not see out of it, and that he had lost the vision in his left eye. These were not conclusions, but were statements of facts within the knowledge of the witness. Oilmen's Reciprocal Ass'n v. Hayes (Tex. Civ. App.) 295 S. W. 675 (error dismissed); Standard Accident Ins. Co. v. Williams (Tex. Civ. App.) 4 S.W.(2d) 1023; Id. (Com. App.) 14 S.W.(2d) 1024; Texas Employers' Ins. Ass'n v. Davies (Tex. Civ. App.) 6 S.W.(2d) 792; Id. (Com. App.) 16 S.W.(2d) 524.

All of appellant's assignments of error and propositions are overruled, and the judgment of the trial court is affirmed.