TEXAS & NEW ORLEANS RAILROAD COMPANY V. GEORGE B. DAVIDSON.

Decided February 5, 1908.

**1.—Fellow Servant—Charge—Construction.**

In a suit for damages for personal injuries to an employee, a charge upon the liability of a railroad company for the negligence of a fellow servant considered, and held not obnoxious to the objection that it ignored the defenses of assumed risk and contributory negligence. A charge should be considered as an entirety.

**2.—Assumed Risk—Knowledge—Charge.**

In a suit for personal injuries a charge that the plaintiff, an employee, assumed such risks as were known to him or must necessarily have been known in the ordinary discharge of the duties of his service, was correct and not subject to the objection that it limited the risks assumed to such as were "necessarily" known to the servant instead of such as could have been known by the use of ordinary care and caution in the discharge of his duties. Specially was such charge harmless when the issue of assumed risk was not raised by the evidence.

**3.—Damages—Issue—Charge.**

Where, in a suit for personal injuries, the plaintiff makes no claim for damages by reason of a certain element of damages, and the court in its main charge does not authorize a recovery upon said ground, it was not error to refuse a special charge to the effect that the plaintiff was not entitled to recover on said ground.

**4.—Charge—Contributory Negligence.**

In a suit for personal injuries the defendant requested the court to charge the jury that if the plaintiff voluntarily placed himself in a dangerous position and the train of cars was being operated in the usual or customary manner for the purpose of effecting a coupling, he could not recover. Held, properly refused because it denied the plaintiff the right of recovery if the business was done in the usual and customary manner whether plaintiff knew it or not and whether defendant was guilty of negligence or not.

**5.—Item of Damages—Special Charge—Refusal, Harmless.**

Where, in a suit for personal injuries, the charge of the court specifically names the items of damage which the jury might consider, the refusal of the court to give a special charge withdrawing from the consideration of the jury the item of expenses for medical attention, was harmless error though the state of the evidence warranted such a charge.

Appeal from the 55th District Court, Harris County. Tried below before Hon. W. P. Hamblen.

*Baker, Botts, Parker & Garwood* and *Lane, Jackson, Kelley & Wolters,* for appellant.—The statement in a separate and independent paragraph of an abstract proposition asserting the absolute liability of all railroads in Texas for injuries to an employe caused by the negligence of his fellow servants, and unqualified by any explanation as to the issues of contributory negligence and assumed risk, raised by the pleading and evidence, was erroneous, and was not cured by subsequent paragraphs wherein these issues were explained. Baker v. Ashe, 80 Texas, 356; Gulf, C. & S. F. Ry. Co. v. Allbright, 7 Texas Civ. App., 23; Gonzales v. Adoue & Lobit, 94 Texas, 125.

Where the injury complained of was the result of a risk not or-

dinarily incident to the service in which the employe was engaged, but was an accident caused by the negligence of the master, his agents or servants, which would have been known to the employe in the ordinary discharge of his duties, if he had exercised ordinary care in such employment, then he can not recover, although such danger might not necessarily have been known to him in the discharge of the duties of his service without the exercise of ordinary care on his part to discover said danger. Galveston, H. & S. A. Ry. Co. v. Lempe, 59 Texas, 19; Houston & T. C. Ry. Co. v. McNamara, 59 Texas, 255; Missouri Pac. Ry. Co. v. Crenshaw, 71 Texas, 345; Galveston, H. & S. A. Ry. Co. v. Garrett, 73 Texas, 262; International & G. N. Ry. Co. v. Hall, 78 Texas, 660; Bonnett v. G., H. & S. A. Ry. Co., 89 Texas, 72; Gulf, C. & S. F. Ry. Co. v. Gray, 25 Texas Civ. App., 99; Smith v. Armour & Co., 37 Texas Civ. App., 633; St. Louis S. W. Ry. Co. v. Rea, 87 S. W. Rep., 324; St Louis, Iron Mt. Ry. Co. v. Higgins, 53 Ark., 458; Texas & P. Ry. Co. v. Rhodes, 71 Fed. Rep., 145; Thompson v. Chicago, M. & St. Paul R. R. Co., 18 Fed. Rep., 239; Motey v. Pickle, 74 Fed. Rep., 155.

If the train of cars which plaintiff was attempting to couple was, at the time of the accident, being operated in the usual and customary manner, for the purpose of effecting a coupling, plaintiff was not entitled to recover if he voluntarily placed himself in a dangerous position, whereby he received the injury complained of, and defendant was entitled to a charge upon this phase of the evidence. Rea v. St. Louis Southwestern Ry. Co., 73 S. W. Rep., 555; Dillingham v. Harden, 6 Texas Civ. App., 477; Houston & T. C. Ry. Co. v. Smith, 38 S. W. Rep., 51.

*Ewing & Ring,* for appellee.

REESE, ASSOCIATE JUSTICE.—George B. Davidson sues the Texas & New Orleans Railroad Company to recover $25,000 damages on account of personal injuries alleged to have been sustained by him in the switching yards of said company at Echo, Orange County, while he was engaged in the performance of his duties as switchman in the employ of defendant. Upon trial with a jury there was a verdict for plaintiff for damages in the sum of $5,000, and from the judgment, its motion for a new trial having been overruled, the defendant appeals.

It is alleged in the petition, in substance, that the accident occurred while appellee was, in the discharge of his duties, making a coupling between two cars, that the engineer in charge of the engine attached to a string of cars was endeavoring to couple on to some stationary cars. That the draw-heads being out of alignment appellee by a signal caused the engineer to stop, and after it had come to a standstill he went in between the cars to adjust the draw-heads, and that while he was engaged in this work, and without any signal from him, which it is alleged should have been given before any further movement of the cars was attempted, the engineer negligently moved the cars, forcing them against the stationary car

and crushing appellee's foot between the · draw-heads while he was endeavoring with his foot to adjust the coupling apparatus. Appellant answered by general demurrer, general denial, contributory negligence and assumed risk.

By the first assignment of error appellant complains of the following charge:

"A railroad corporation operating a railroad, the line of which is situated, in whole or in part in this State, is made liable by statute for all damages sustained by an employe thereof, while engaged in the work of operating the trains or cars of any such corporation, by reason of the negligence of any other servant or employe of such corporation."

The complaint of this charge is that it imposed absolute liability upon appellant, regardless of its defenses of contributory negligence and assumed risk. It could not have been so understood by the jury in view of the full and specific instructions given upon those issues. There is no merit in the assignment.

By its second assignment appellant assails the following charge as error:

"An employe of a railroad company is held, in law, to assume such risks as are ordinarily incident to the service he engages to perform, and such others as he knows of, or must necessarily have known of, in the ordinary discharge of the duties of his service; but his risks arising from the negligence of the company's servants or employes that is chargeable to it, are not assumed by an employe unless he knows of them or must necessarily have known of them in the ordinary discharge of the duties of his service."

And also by its fourth assignment the following:

"If you believe from the evidence that plaintiff's alleged injury was the result of a risk ordinarily incident to the service in which he was engaged as an employe of defendant, or that it resulted to him from a risk that was known to him, or must necessarily have been known to him in the discharge of the duties of his service, then let the verdict be for defendant; but, in determining the issues submitted in this paragraph, you are instructed that if plaintiff's alleged injury was the result of negligence of defendant's servants or employes, or of one or more of them, and that he had no knowledge of the danger or risk thence to him arising until he was injured, and that he would not necessarily have known thereof in the ordinary discharge of his duties until injured, then the defense of assumed risk is not sustained."

Both of these charges are upon the issue of assumed risk as presented by the answer. The burden of appellant's complaint is that in defining the risks which appellee must be held to have assumed there is enumerated "such others as he must necessarily have known of in the ordinary discharge of the duties of his service." It is contended by appellant that a proper statement of the law would have been that appellee assumed such risks as he, by the use of ordinary care and caution, could have known, and that it was error to limit the risks assumed (in addition to those ordinarily incident to the employment and such as were known to appellee) to such as

appellee must necessarily have known in the ordinary discharge of his duties. The charge referred to does not present affirmative error, but the same question arises, and is properly presented upon the sixth assignment of error, predicated upon the refusal of the court to give a special charge requested by appellant stating the law on this point, as it claims it should be stated.

It can not be denied that there is a difference between the risks necessarily known to appellee in the discharge of his duties, and such as he could have learned by the exercise of ordinary care. We are inclined to think that the evidence does not present the issue of assumed risk, as is intimated in appellant's brief, and that if there were error in the charge given, and in the refusal of that requested, in the respect pointed out by appellant, such error was not calculated to affect the finding of the jury upon the issues of negligence on the part of appellant and contributory negligence on the part of appellee, really the only issues in the case. We think that under no theory of the evidence could the appellee be held to have assumed the risk of this single act of negligence in causing the cars to move, without a signal from appellee, if in fact such act was negligence, and that is established by the verdict.

We are, however, of the opinion that there was no error in the use of the language referred to in the charge. In Railway Co. v. Hannig, 91 Texas, 351, `the Supreme Court stating the doctrine, uses the following language: "He (the servant) does not assume the danger arising from the failure of the master to do his duty, unless he knows of the failure and of the attendant risks, or in the ordinary discharge of his own duty must necessarily have acquired the knowledge." Ordinary risks, of course, the servant assumes, and the court so instructed the jury, but as to those not ordinarily incident to his employment and which may be denominated extraordinary risks, the rule is thus stated by the Supreme Court in Bonnett v. Galveston, H. & S. A. Ry. Co. (89 Texas, 76): "To sum up: It is negligent for the master to subject his servant to a risk not ordinarily incident to the employment, unless the extraordinary hazard be obvious to the servant, or he, in some manner, be apprised of it." If the risk be obvious, certainly it must be of such a character that the servant must necessarily have known of it. The second and fourth assignments of error referred to are overruled.

There is no error of which appellant can complain in the charge which is made the subject of the third assignment. This charge instructs the jury, if they believe that defendant's servants were not negligent and that plaintiff's injuries were not proximately caused by the negligence of such servants, to find for defendant. The objection presented is, that it was· calculated to mislead the jury, and was probably construed by them as implying that if any of defendant's servants were guilty of negligence, defendant would be liable regardless of whether the pleadings of plaintiff had charged such negligence on the particular servant or not. (Gulf, C. & S. F. Ry. v. Hill, 95 Texas, 629.)

It is assigned as error that the court erred in failing to instruct the jury that plaintiff was not entitled to recover by reason of any

inadequate or insufficient treatment of plaintiff's injuries by the physicians selected by defendant, and also in refusing a special charge upon this point. The petition contained the following allegation: "That although plaintiff was treated after said injury by physicians and surgeons selected by defendant, nevertheless the treatment by them was inadequate and insufficient, and another surgical operation, or other surgical operations, will be necessary in order that the wounds upon his foot, as aforesaid, may be properly healed, and the portion of said foot remaining placed in as good condition as it reasonably can be."

Evidence was introduced in support of this allegation. No damages were claimed on this account, nor did the charge of the court authorize the jury to consider this matter in estimating the damages. The allegations and the evidence served to support appellee's contention as to the probability of future suffering and after-results of the injury, and no damages being claimed therefor, and the charge of the court not embracing this as an element of damage to be considered by them, the jury could not, under the charge of the court, have considered this as an element of damage for which appellee was entitled to recover. The special charge was not called for and the court did not err in refusing to give it.

The court did not err in refusing to give the special charge made the basis of the sixth assignment of error. Insofar as it states correctly the law, it is sufficiently covered by the general charge.

There was no error in refusing to charge the jury upon its request that if plaintiff voluntarily placed himself in a dangerous position and that the train of cars was being operated in the usual or customary manner for the purpose of effecting a coupling, he could not recover. Under this charge, if the jury had believed that appellee received his injuries by reason of the movement of the cars, while he was engaged in coupling them, without any signal from him, and that this act was negligence, nevertheless appellee would not be entitled to recover, if this was the usual and customary manner of doing the business, whether appellee knew of it or not. This is not the law. (Gulf, C. & S. F. Ry. v. Hill, *supra.*) There was no evidence which tended to show that it was usual and customary to do the business in this way. It is true there was evidence that the train was moved in the usual or customary manner, but this was to rebut the charge of negligence and to show that the accident did not occur from the causes charged by appellee.

Appellant requested the court to instruct the jury that if appellee undertook to couple the cars while they were moving, and if this was a dangerous act on his part and not such as would have been done by a man of ordinary care, to find for defendant, which was refused. The court in its charge went further than this and charged, in substance, that such an act on the part of appellee would be contributory negligence as matter of law. The jury was instructed, if they believed that the train was not at a standstill when appellee went between the cars to do the coupling, to find for the defendant. The eighth assignment presenting the point is overruled.

It is urged by appellant that the court erred in failing to instruct the jury that there was no evidence to sustain plaintiff's claim for medical attention, and in refusing to give a special charge requested by appellant to this effect. In his petition appellee alleged that he had expended and incurred liability for medical attention to the amount of $500. Some evidence was introduced in support of this charge, which appellee admits was not probably sufficient. On the measure of damages the court charged the jury to "assess his damages at such sum as you believe, from the evidence, will fairly and adequately compensate him for alleged injuries, taking into consideration as elements of damages, so far as shown by the evidence, mental anguish and physical pain resulting to him therefrom, if any, including such, if any, as will in reasonable probability result to him therefrom in the future, and also the value of time lost to him therefrom, if any, down to the trial, and also the present value of his diminished earning power in the future, if any, resulting therefrom."

The requested charge should have been given, but the failure to give it, we do not think, resulted to the prejudice of appellant. Such elements of damage as were to be considered by the jury are so specifically pointed out in the charge, that we think it hardly possible that they were beyond them in estimating appellee's damages. The refusal of the charge we do not think presents sufficient ground for reversal of the judgment. The ninth assignment of error presenting the point is overruled.

The tenth assignment, we think, was hardly intended to be considered, as it has neither proposition nor statement.

We find no reversible error and the judgment is affirmed.

*Affirmed.*

Writ of error refused.