## ARTHUR GENTRY v. STEPHENVILLE OIL MILL.

Decided February 26, 1910.

**1.—Master and Servant—Defective Machinery—Duty of Servant.**

An employee is never required to exercise ordinary care to discover defects in machinery or implements furnished him by his employer, or to discover unknown dangers arising from their use in the manner directed by his superior. Hence a charge imposing this duty on an employee in a suit by him for damages for personal injuries received in "throwing" a belt in obedience to orders, with the danger of which he was not familiar, was reversible error.

**2.—Same—Assumed Risk—Question of Fact.**

When an employee acts suddenly on an imperative order enjoining instant obedience, and the danger is not certain, the issues of negligence and assumed risk are for the jury, even though the employee may be experienced.

Appeal from the District Court of Erath County. Tried below before Hon. W. J. Oxford.

*F. H. Chandler* and *J. B. Keilh,* for appellant.—The servant assumes the risk of those dangers of which he knows, or of which the evidence discloses that he must necessarily have known by reason of the duties of his employment. The law does not require of him ordinary care, as in negligence, to ascertain and know of all the dangers connected with his employment. Texas & N. O. R. Co. v. Jackson, 51 Texas Civ. App., 646; Missouri, K. & T. Ry. Co. v. Hannig, 91 Texas, 347; Texas & N. O. R. Co. v. Davidson, 49 Texas Civ. App., 85; El Paso & S. W. Ry. Co. v. Vizard, 39 Texas Civ. App., 534.

Where a servant is peremptorily commanded by his superior to do a thing hurriedly, he does not assume the risk of doing that thing unless the danger is obvious. Same authorities.

*Lassiter & Harrison* and *Martin & George,* for appellee.—The paragraph of the charge complained of is not erroneous when considered as a whole, because it requires the jury to find either that the appellant was acquainted with the dangers of his undertaking, or that by the exercise of ordinary care he should have known of those dangers, before he can be said to have assumed the risk. Brownwood Oil Mill Co. v. Stubblefield, 53 Texas Civ. App., 165; Chicago, R. I. & G. Ry. Co. v. Denton, 101 S. W., 452; Missouri, K. & T. Ry. Co. of Texas v. Hanson, 90 S. W., 1122; Gilmartin v. Kilgore, 52 Texas Civ. App., 177; Haywood v. Galveston, H. & S. A. Ry. Co., 38 Texas Civ. App., 101; San Antonio & A. P. Ry. Co. v. Drake, 85 S. W., 447; Ft. Worth & R. G. Ry. Co. v. Robinson, 37 Texas Civ. App., 465; Smith v. Armour & Co., 37 Texas Civ. App., 633; International & G. N. Ry. Co. v. Royall, 37 Texas Civ. App., 261; Klutts v. Gibson, 37 Texas Civ. App., 216; Gulf, W. T. & P. Ry. Co. v. Smith, 37 Texas Civ. App., 188; San Antonio Sewer Pipe Co. v. Noll, 37 Texas Civ. App., 269; Ft. Worth Stock Yards Co. v. Whittenburg, 34 Texas Civ. App., 163; Horton v. Ft. Worth Pkg. & Prov. Co., 33

Texas Civ. App., 150; Ft. Worth Iron Works v. Stokes, 33 Texas Civ. App., 218; Houston. E. & W. T. Ry. Co. v. De Walt, 96 Texas, 121.

CONNER, CHIEF JUSTICE.—Appellant was an employe of the appellee corporation, engaged in and about appellee's cotton seed oil mill at Stephenville in oiling machinery, sewing broken belts, and such other work as he was called upon to do by the foreman of the corporation. On February 2, 1907, while in the discharge of his duties he was "imperatively ordered," as is alleged, by the foreman of the work to throw the "huller belt" moving rapidly at the time. In the effort to do so appellant was thrown upon the floor of the mill and injured. This suit was instituted to recover damages for the injury so received, and appellant alleged that he was without knowledge of the danger in attempting to throw said belt while the machinery was in motion; that he hurriedly obeyed the orders of his superior, the foreman, without time to consider the danger of attempting to execute the order and relying upon the superior knowledge of the said foreman and believing that he would not order him to do a dangerous thing. It was alleged that his undertaking was dangerous and known to be so to the foreman; that the foreman gave no warning of the danger, which it was his duty to do; and that the defendant and its foreman were negligent in giving the direction stated while the belt was in motion, and in failing to so warn him.

Appellee pleaded the general denial, assumed risk, and contributory negligence on appellant's part. The trial resulted in a verdict in appellee's favor, from which this appeal has been prosecuted.

Error is assigned to the following section of the court's charge: "If you believe from the evidence in this case that plaintiff was familiar with his duties while working for the defendant, and that he knew or by the exercise of ordinary care could have known of whatever danger there was in removing belts from the line shaft or pulleys, and was familiar with such dangers when he undertook to remove said belt from said shaft and pulley, or by the exercise of ordinary care should have known, and was injured, then he assumed the risk and can not recover in this case and your verdict should be for the defendant."

It is well settled that when the servant enters the employment of the master, he has the right to rely upon the assumption that the machinery, tools and appliances with which he is called upon to work are reasonably safe, and that the business is conducted in a reasonably safe manner. He is not required to use ordinary care to see whether this has been done or not. He does not assume the risk arising from the failure of the master to do his duty, unless he knows of the failure and the attendant risks or in the ordinary discharge of his own duty must necessarily have acquired the knowledge. See Missouri, K. & T. Ry. v. Hannig, 91 Texas 347; Texas & N. O. Ry. v. Davidson, 49 Texas Civ. App., 75 (107 S. W., 949); El Paso & S. W. Ry. v. Vizard, 39 Texas Civ. App., 534 (88 S. W., 461); Texas & N. O. Ry. v. Jackson, 51 Texas Civ. App., 646 (113 S. W.,

628). The charge, therefore, is erroneous in devolving upon appellant the duty of exercising ordinary care to discover the danger of removing the pulley belt while the machinery was in motion. He testified to the effect that he had never before removed the belt while the machinery was in motion, nor seen others do so; that he had never heard anyone say that it was dangerous; that when directed by the foreman to remove the belt he went up on what is known as the running-board, some seven or eight feet from the floor, expecting to stand there until the machinery was stopped; that as he got upon the running-board Mr. Donnell, appellee's foreman, handed him a broom and told him to throw the belt off while it was running; that "I told him I didn't think I could do it, and he then said to try it anyhow, and I then took the broom and tried to throw the belt and it knocked me off to the floor. . . . I did not know that it was not safe to throw it while it was in motion."

Appellee insists that the error is harmless because under the undisputed evidence appellant assumed the danger of which he complains, but we do not think so. We can not say as a matter of law that the danger was obvious, and nothing in the evidence requires the conclusion that appellant, by the exercise of ordinary care for his own safety in the discharge of his duties, must necessarily have known of the danger of removing the belt under the circumstances detailed by him. In Passmore's Instructions to Juries in Texas Civil Cases, section 57, it is said: "Where the employe acts suddenly on an imperative order enjoining instant obedience, and the danger is not certain, the consideration of negligence and assumed risks are for the jury, even though the employe may be experienced," citing Galveston, H. & S. A. Ry. v. Sanchez, 65 S. W., 893, which supports the text. We approve this announcement of the law as applicable here, and think it was the duty of the court to have submitted to the jury the issues of assumed risk and of contributory negligence under appropriate instructions.

The objection to the charge we have quoted also appears in the paragraph immediately following, to which error is likewise assigned, but we need to add but little, if anything, to what we have already stated on the subject. In all probability the able trial judge was misled by general expressions in some of the decisions to the effect that if the servant by the exercise of ordinary care should have known the danger, he assumes the risk. The ordinary care meant, however, and which alone is required of the servant, is that for his own safety in the discharge of his own duties, and, if in the exercise of this degree of care in the discharge of his duties he must necessarily have known of the danger of which he complains, he can not recover, because in such case the law imputes knowledge of the danger. But as before stated, he is never required to exercise ordinary care to discover defects in machinery or implements furnished him by the master, or to discover unknown dangers arising from their use in the manner directed by the master.

We conclude that the judgment must be reversed and the cause remanded.

*Reversed and remanded.*