MISSOURI, K. & T. RY. CO. OF TEXAS v. RENO.†

(Court of Civil Appeals of Texas. Austin. Feb. 7, 1912. Rehearing Denied March 20, 1912.)

1. MASTER AND SERVANT (§ 278*)—INJURY TO SERVANT — NEGLIGENCE—EVIDENCE—QUESTION FOR JURY.

In an action for injuries to a switchman while attempting to set a brake on a car violently struck by a train, evidence *held* to support a finding of actionable negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954–972, 977; Dec. Dig. § 278.*]

2. TRIAL (§ 191*)—INSTRUCTIONS—ASSUMING FACTS.

Where the court correctly submitted the issue raised by the pleadings and evidence as to the validity of a release of a servant's claim for personal injuries sued on, a charge that, if the agent of the master, while negotiating for the settlement, stated to the servant that it was the agent's opinion that the servant's condition was not serious, and that he would not be permanently disabled, and that, after a discussion, the servant voluntarily accepted the settlement and signed the release, knowing as much about his condition as the agent knew or claimed to know, the servant was bound by the release was not objectionable as assuming facts establishing the validity of the release.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431, 435; Dec. Dig. § 191.*]

3. TRIAL (§ 194*) — INSTRUCTIONS — WEIGHT OF EVIDENCE.

The instruction was not objectionable as on the weight of the evidence, and as requiring an affirmative finding as to the facts therein recited, before a finding for the master was authorized.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 413, 439–441, 446–454, 456–466; Dec. Dig. § 194.*]

4. TRIAL (§ 255*)—INSTRUCTIONS—REQUESTS —NECESSITY.

The error, if any, in a charge presenting the theory of the case that would entitle a party to a verdict, resulting from an omission of other features on which he relied as a defense, was not available, in the absence of a requested special charge supplying the omission.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 627–641; Dec. Dig. § 255.*]

5. MASTER AND SERVANT (§ 137*)—INJURY TO SERVANT—NEGLIGENCE.

Where a switchman was required to set the brakes on a loose car, in motion, and he had been directed by his superiors to aid in setting out the car, the trainmen were charged with the duty of looking out for him before suddenly running cars against the loose car; and a failure to do so, resulting in his injury, was actionable negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 269, 270, 273, 274, 277, 278; Dec. Dig. § 137.*]

6. EVIDENCE (§ 471*)—PERSONAL INJURIES—ADMISSIBILITY.

A switchman, suing for personal injuries, may testify that his injuries have unfitted him for performing the duties of a switchman.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. § 471.*]

7. EVIDENCE (§ 474*)—OPINION EVIDENCE—COMPETENCY OF WITNESSES.

A switchman of several years experience is competent to give an opinion as to how far

the impact of a coupling, under specified conditions, will knock a car.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2196–2219; Dec. Dig. § 474.*]

8. APPEAL AND ERROR (§ 1051*)—HARMLESS ERROR — ERRONEOUS ADMISSION OF EVIDENCE.

The error, if any, in admitting evidence of a fact established by evidence received without objection is harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–4170; Dec. Dig. § 1051.*]

9. APPEAL AND ERROR (§ 1056*)—HARMLESS ERROR — ERRONEOUS ADMISSION OF EVIDENCE.

Where there was no material conflict between the testimony of an agent of defendant and that of plaintiff, the error in excluding testimony that the agent would soon quit the employment of defendant, as affecting his credibility, was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4187–4193, 4207; Dec. Dig. § 1056.*]

10. TRIAL (§ 191*)—INSTRUCTIONS—ASSUMPTION OF FACTS.

An instruction, in an action for injuries to a servant, defended on the ground of the execution of a release by him, that, if the jury should find for plaintiff on the issue as to the validity of the release, then, when the servant entered into the employ of the master, he assumed all the risk of injury, while discharging his duties, as are usually incident to the employment, but not the negligence of the master or employés with whom the servant was working at the time, unless such negligence was of such common occurrence that the servant would be presumed to have known thereof before the injury, was not objectionable as assuming the existence of facts.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431, 435; Dec. Dig. § 191.*]

11. MASTER AND SERVANT (§ 203*)—INJURY TO SERVANT—ASSUMPTION OF RISK.

A servant only assumes the risks usual and incident to the work of the employment, but not risks arising from the negligence of the master, except where it is of such common occurrence that the servant will be presumed to know thereof.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 538–543; Dec. Dig. § 203.*]

12. MASTER AND SERVANT (§ 137*)—INJURY TO SERVANT—NEGLIGENCE.

Where a switchman was required to set the brakes on a loose car, in motion, employés directing the movement of cars which struck such car must exercise such care as a person of ordinary prudence would exercise under similar circumstances to avoid injuring the switchman by the movement of the cars; and a failure so to do is actionable negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 269, 270, 273, 274, 277, 278; Dec. Dig. § 137.*]

13. TRIAL (§ 262*)—INSTRUCTIONS—REFUSAL TO GIVE INSTRUCTIONS COVERED BY THE CHARGE GIVEN.

A requested charge which is the reverse of a correct charge given is properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 661; Dec. Dig. § 262.*]

14. RELEASE (§ 17*)—FRAUD.

Where the representations made by an agent of a master to a servant were false, and the servant, in reliance thereon, executed a release of his claim, the release was invalid, though the agent believed the representations to be true.

[Ed. Note.—For other cases, see Release, Cent. Dig. § 32; Dec. Dig. § 17.*]

Appeal from District Court, McLennan County; Marshall Surratt, Judge.

Action by A. A. Reno against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Affirmed.

A. S. Coke and Clark, Clark & Saunders, for appellant. Cross, Gross & Street, for appellee.

RICE, J. This suit was brought for the recovery of damages on account of personal injuries, alleged to have been sustained by appellee while in appellant's employ as a switchman at Waco, by reason of the negligence of appellant in suddenly and violently running an engine and train of cars against a furniture car upon which appellee, in the discharge of his duties, was attempting to set a brake, whereby he was knocked from the top of said car into an empty coal car, attached thereto, and severely injured.

Defendant, in addition to a general denial and pleas of contributory negligence and assumed risk, alleged that it had fully settled with appellee for said injury, paying him in satisfaction thereof the sum of $570, and obtained a release of all claims arising therefrom. Appellee sought to avoid the effect of said release by alleging that it was fraudulently procured by reason of false representations made to him by the agent of the company, to the effect that his injuries were neither serious nor permanent, but that he would soon recover; that said agent had been so informed by the company's physician, who had attended appellee after his injury, and that he could resume his duties by the 25th of the succeeding month (January, 1909), promising to reinstate him in his former position, all of which statements were alleged to have been false and untrue, and known to have been such when made by said agent, by reason of which appellee was induced to accept and did accept said settlement, and execute said release; that he was in fact seriously and permanently injured from said fall; and that said release should not now be held to bar him in his right to recover therefor, on account of the fraudulent deception of said agent, so practiced upon him.

There was a jury trial, resulting in a verdict and judgment in behalf of appellee for the sum of $3,750, in addition to the amount formerly paid him by appellant, from which judgment this appeal is prosecuted.

The chief errors complained of relate to the charge of the court and the refusal of special charges, the admission and exclusion

of evidence, and the sufficiency of the evidence to establish liability or to set aside the release on the ground of its fraudulent procurement.

[1] Appellant maintained its railroad yards in Waco, where, during the month of July, 1908, appellee was employed as switchman, and as such switchman his duties, amongst others, required him to set the brakes upon loose, moving cars, to prevent them from bumping into other cars, or injuring persons crossing the intervening streets. On the day he was injured, a freight train came into the yards, for the purpose of taking out a furniture car, then standing, with other cars that had been left for repair, upon the company's "rip track," and appellee was directed by the yardmaster to assist him and other employés in so doing. The freight engine and train of cars attached thereto was run against this furniture car, for the purpose of coupling onto it, but failed to make the coupling. This furniture car and coal car attached broke loose from the others and began rolling toward the street crossing; whereupon appellee quickly climbed to the top of the furniture car, as was his duty, for the purpose of stopping it, and, while attempting to set the brakes, the freight engine and cars attached, operated by other employés of defendant, were caused to suddenly and violently run into it, for the supposed purpose of coupling the same, while said cars were in motion, and appellee, by reason of the collision, was knocked off of said furniture car a distance of some 10 feet into the coal car, the fall rendering him for a while unconscious, injuring his head, right hip and leg, and from which he suffered great pain, the hip bone being fractured, finally causing this leg to become stiff and shorter than the other one, unfitting him for physical labor, such as he had been accustomed to perform. While there was a conflict in the evidence as to whether it was usual and customary to undertake to make the coupling while a car was in motion and a brakeman upon it, and also a conflict as to whether or not the coupling was in fact made in the usual way, or with unusual force and violence, and whether or not appellee could have been seen by those in charge of or giving signals to the engineer, still we think the evidence is sufficient to support appellee's theory of the case, and show that the company was negligent in all of these respects.

[2] The first assignment assails the charge of the court, upon the ground that it, in effect, assumes the existence of a controverted issue, to wit, facts establishing the invalidity of the release pleaded by defendant. The gist of appellant's contention under this assignment seems to be that the fourth paragraph of the charge assumes as a fact that the defendant's agent made the representations attributed to him in the pleadings, leaving the truth or falsity of the same alone to be determined by the jury. We differ with appellant in its construction of this paragraph of the charge, because it in unmistakable terms, not only requires the jury to believe that the alleged representations were false, before they could find against appellant on this issue, but further required them to also find as a fact that such representations were made, before they could find in favor of appellee. The court in its main charge, after submitting correctly, as we think, the issue raised by the pleadings and evidence as to the procurement of the release, further charged the jury as follows: "But, on the contrary, if you believe from the evidence that the said Harris, while negotiating for said settlement, stated to the plaintiff that it was his (Harris') opinion that his condition was not serious, and that he thought he would be able to go to work not later than the 25th of January, and that he would not be permanently disabled by his injuries, and that said physicians, or one of them, told him that, unless he would take a course of treatment for syphilitic trouble and get that eliminated entirely from his system, he would not get permanently well, or words to that effect, and that after a full discussion of the matter, or such discussion as they had, plaintiff voluntarily accepted said sum of money and signed said release, knowing as much about his true condition as the said Harris knew, or claimed to know, then and in that event, if you so find, plaintiff is bound by said contract, and, if you so find, then the plaintiff is bound by said release, and you will return your verdict for the defendant without looking further."

[3, 4] This part of the charge is also the subject of complaint on the part of appellant, on the ground that it is on the weight of evidence, and required an affirmative finding as to the facts therein recited, before they could find for appellant. There is no merit, we think, in this assignment, for the reason that the charge is upon one theory of the case that would entitle the appellant to a verdict, and, if there were other features upon which it relied as a defense, the same should have been presented by special charges, asked in its behalf, which was not done. See Citizens' Ry. Co. v. Branham, 137 S. W. 403; Railway Co. v. Hill, 95 Tex. 636, 69 S. W. 136.

[5] In the seventh section of its charge, the court, in effect, told the jury that if they believed from the evidence that plaintiff went upon the moving furniture car from which he fell in the discharge of his duty as a switchman, to set the brake thereon, and that while so engaged he could have been seen by the other employés directing the movement of said engine and cars, or either of them, had they looked, and, without looking, defendant's employés in charge of said

engine and cars; without knowledge of and unexpectedly to plaintiff, caused said engine and cars to be suddenly and violently run against said furniture car with such force as to ·cause him to fall therefrom, and as a result thereof he received the injuries complained of, and that by reason of said act that said employés were guilty of negligence, but for which the plaintiff would not have been injured, then they should find for him, unless they should find for the defendant under other charges given. This charge is made the basis of the fifth assignment, on the ground, among others, that it was upon the weight of the evidence, and assumed that defendant's employés should have looked to ascertain if plaintiff was in a position of peril before moving the car, when there was no evidence tending to show that said employés should have been charged with the duty of looking. The pleading on the part of plaintiff was to ·the effect that defendant was guilty of negligence in suddenly and without warning running its engine and cars against the furniture car upon which he was attempting at the time to set the brake, for the purpose of stopping it. The evidence showed that he was required, as switchman, to set the brakes upon loose cars, for the purpose of stopping them, while in motion; that on the occasion in question he had been directed by his superior to aid in taking out the furniture car from which he fell by reason of its being .suddenly and violently struck by the engine and train of cars undertaking to couple on to it. Certainly, if the company's employés knew that he was charged with this duty, and had directed him to aid in setting out the furniture car, then they were charged with the duty of looking out for him before violently and suddenly running the engine and cars against the car upon which he was attempting to adjust the brake; and a failure so to do, it seems to us, under the facts disclosed by the record, would be negligence. It was not necessary that they should have actually seen him before this duty arose, because, having sent him there, the ordinary dictates of humanity, it seems · to us, would have caused them to have ascertained whether he was in a position of peril before suddenly running into the car upon which he was standing, and a failure to so look was in itself negligence, irrespective of whether they saw him or not.

[6, 7] There was no error in permitting appellee to testify that his injuries unfitted him for performing the duties of a switchman or brakeman, and to give his opinion as to how far the impact ·of a coupling, under certain conditions, would knock a car. Surely he knew better than any one else as to what effect the injury had upon his ability to perform certain kinds of labor, and it was proper for him to testify in respect thereto, and his· experience as a switchman

for several years entitled him to give an opinion with reference to the latter question; and the seventh and eighth assignments, presenting these matters, are overruled. For a similar reason, the eleventh assignment presenting the same question urged in the eighth assignment, is overruled.

[8] E. M. Williams, a witness for appellee, was permitted, over defendant's objection, to testify that Harris, the agent of the company, at the time of making the settlement, stated, among other things, that appellee should have an easy job, which he (the agent) would see was given to him. The admission of this evidence is urged as error, and made the basis of the twelfth assignment. In view of the fact that the record discloses that Harris himself, without objection, was allowed to testify to substantially the same statement, we think that the error, if any committed, was harmless.

[9] During the progress of the trial, appellant offered to show that the witness Harris, who effected the compromise and obtained the release, would soon quit the employment of the company, and upon objection by appellee this evidence was excluded, which action of the court is made the basis of the fourteenth assignment of error. It is contended on the part of appellant that this evidence was admissible, because, since the fact of his employment for defendant would ordinarily be regarded as influencing his testimony and affecting his credibility, it was permissible to show, in order to put him in the proper light before the jury, that he would soon terminate his employment with the company. Ordinarily, we think this testimony was admissible; but we hold that the error in excluding it was harmless in the present instance, for the reason that there was no material conflict between the. testimony of Harris and that of the plaintiff, relative to the statements and representations made by Harris to plaintiff at the time the compromise was effected and the release obtained; and therefore said assignment is overruled.

[10, 11] Appellant claims that the court erred in the following part of its charge: "If you should find in favor of the plaintiff upon the foregoing issue as to the validity of said release, then you are further instructed that when the plaintiff entered into the employ of defendant as a switchman he assumed all the risk of being injured, while discharging his duties as such, usually incident to such employment; and in this connection you are instructed that the negligence of the defendant or its employés with whom plaintiff was working at the time was not one of such risks, unless the acts constituting said negligence were of such usual and common occurrence as that plaintiff would be presumed to have known thereof before his injury." We do not think there was any error in giving this charge.

It does not, we think, assume the existence of any controverted fact, as contended by appellant, nor that appellant was guilty of negligence. The plaintiff only assumes the risk usual and incident to the work in which he may be engaged, and cannot be held liable for any act of negligence on the part of appellant, except under limitations as above stated. This paragraph of the charge conforms to a similar charge approved in Texas & New Orleans Ry. Co. v. Davidson, 49 Tex. Civ. App. 85, 107 S. W. 949, which, we think, announces the correct doctrine; and the seventeenth assignment, presenting this question, is therefore overruled.

[12] We overrule the eighteenth assignment, which complains of the sixth paragraph of the court's charge, wherein the jury, in effect, were told that it was the duty of defendant's employés, directing the movement of the cars which struck the one upon which plaintiff was standing at the time he received the fall, to exercise ordinary care —that is, such care as a person of ordinary care and prudence would have exercised under the same or similar circumstances—to avoid injuring plaintiff by the movement thereof, and that the failure, if any, to use such care would be negligence, for the reason that the defendant was required, under the law, to exercise ordinary care to prevent injuring the plaintiff. The charge was, therefore, in all respects proper, and should have been given.

[13, 14] Appellant requested the court to give the following charge: "You are instructed that, before you can set aside the release in question, you must find from the evidence that the representations, as made by the defendant's agent at the time of the settlement, were false and fraudulent, and that said agent knew that the same were false, and that plaintiff believed in same, and was induced thereby to settle, and, unless you so find, you are instructed that you should find for the defendant." This charge was properly refused, because the reverse thereof, which we believe to be the law, had already been given in charge to the jury. Notwithstanding appellant's agent may have believed the representations to be true which he made to plaintiff to induce him to execute the release, yet, if the same were false, plaintiff was entitled to relief against them, notwithstanding the fact that defendant's agent may have innocently made the statements. It is immaterial that the agent may have made the statements under the honest belief that they were true; whereas, in fact, they were not. See H. & T. C. Ry. Co. v. Brown, 69 S. W. 651, and authorities there cited; Pendarvis v. Gray, 41 Tex. 326; Carter v. Cole, 42 S. W. 369, and authorities there cited; Cabaness v. Holland, 19 Tex. Civ. App. 391, 47 S. W. 379; Bigelow on Frauds, 411–414. For which reason, we

overrule the nineteenth assignment of error, complaining that the court erred in refusing to give said charge.

The second, third, and fourth assignments are on the facts. Believing, as we do, that the evidence is sufficient to support the verdict, and that the same negatives the defenses set up by appellant, each of these assignments is overruled. The remaining assignments have been duly considered, and are regarded without merit. Finding no error in the rulings of the trial court, its judgment is, in all things, affirmed.

Affirmed.