MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. GEORGE F. MILLER.

Decided March 9, 1901.

**1.—Negligence—Railroads—Failure to Inspect Cars.**

See evidence held sufficient to show that an injury to a freight conductor, caused by the top round of a ladder on the side of a car giving way, was due to negligence of the company in failing to have the car properly inspected.

**2.—Same—Evidence Tending to Show Negligence.**

It was competent for plaintiff, suing for injuries that resulted from a failure of defendant to have its cars properly inspected, to show that defendant formerly had car inspectors at the point where the injury occurred, but had none there at the time of the accident, as this tended to prove the want of due care on defendant's part as to the inspection of its cars.

**3.—Mental Anguish—Evidence of.**

In an action of damages for serious personal injuries, permanent in character, it is competent for plaintiff to testify to his mental suffering in contemplating his changed and crippled condition and reflecting that he must continue to be laid up and suffer the balance of his life, this being a natural result of such injuries.

Appeal from Denton. Tried below before Hon. D. E. Barrett.

*T. S. Miller* and *Head & Dillard,* for appellant.

*Greenlee & Bradley,* for appellee.

HUNTER, Associate Justice.—This suit was filed January 30, 1900, to recover of appellant for personal injuries received by appellee at Whitesboro, Texas, on the 18th day of December, 1899, while in the employ of appellant as freight train conductor, by reason of the defective condition of one of its cars and the failure to properly inspect it, whereby the top round of the ladder on the side of said car gave way for want of a nut on the bolt which held it as appellee was climbing on top of said car at night in the performance of his duty, whereby he fell to the ground with his back across the rail of a side track, causing him serious and permanent injuries, as it is alleged, to the extent that he is unable to work, his health destroyed, partial paralysis of his lower limbs from the hips down, and constant suffering from mental anguish and physical pain.

The appellant answered by general denial and special plea of contributory negligence, and that the defect, if any, was patent and obvious and by the use of ordinary care could have been discovered by appellee, and also that the defect, if any, was latent and could not have been discovered by appellant by the use of ordinary care, and that appellee assumed the risk of injury from such cause. The jury found a verdict in favor of appellee for $10,000, and from the judgment rendered thereon this appeal is taken.

The evidence tended to prove, and was sufficient to establish, the material allegations in appellee's petition. It was dark when the accident occurred, and though the evidence tends to establish that the nut from the bolt which held the round of the ladder had slipped off by reason of the threads of the same being worn or battered off, the appellee did not know of the defect, and it was too dark to discover it at the time he was injured. The car had been inspected at Galveston on the 14th of the month, at Houston on the 13th and 16th, at Smithville on the 17th, and the defect was not discovered. The conductor, Graham, and brakemen, Bolin and McDonald, brought the car in their train from Smithville to Hillsboro on the 17th and 18th, and failed to discover the defect. A proper inspection of the ladder at Hillsboro on the 18th, or at Whitesboro, as we infer from the evidence, would have disclosed the defect and avoided the injury. We therefore conclude that the injury was occasioned by the negligence of the appellant in failing to have the car properly inspected and repaired. At the time of his injury the appellee was unacquainted with sickness and suffering, weighed 204 pounds, and was earning $100 per month, but is now a physical wreck and a constant sufferer both physically and mentally.

The first assignment of error complains of the admission of evidence that the appellant had formerly had two car inspectors at Whitesboro, but had none at the time of the accident, because the same was immaterial and irrelevant. We think the court did not err in admitting it,

as it tended to prove the want of ordinary care on the part of appellant to have its cars and trains sufficiently and properly inspected; in fact, that it was derelict in taking away its inspectors at this place, when the condition of this car itself tended to prove the necessity for keeping them there.

The second assignment complains of the court in permitting the plaintiff to testify on the issue as to mental anguish, as follows: "There are times when I am thinking of what I am now and what I have been the prospects are so heavy for me that I can hardly bear the weight. I have been a very active man in my days, and when I think of what I have been, a powerful man, and when I think that I have got to be laid up the balance of my life, the load is a little heavy for me." Appellee's evidence, and that of three or four doctors, describe his condition in detail, and fully justify our conclusion that he is now a physical wreck and a constant sufferer both physically and mentally.

The objection to this evidence as stated in appellant's brief was as follows: "Defendant objected to the question, and to any evidence of mental suffering from contemplating his crippled condition, and requested the court to restrict the testimony to mental anguish growing out of the physical injury to plaintiff, and not contemplating his crippled condition, because such evidence would be immaterial, irrelevant, and too remote."

The third assignment complained of the court's refusal to give a special charge in this language: "If you find in favor of plaintiff, you will not allow him any amount as compensation for any mental anguish or suffering you may believe he has suffered from brooding over or contemplating his maimed or injured condition and regretting the difference, if any, between his present physical condition and what it was before he was injured." Only one proposition is submitted under these two assignments, and that is: "Mental suffering which an injured person experiences from brooding over and regretting his crippled condition is too remote, and not a proper subject for damages in cases of this kind."

We think the court did not err in admitting the evidence, nor in refusing to give the special charge asked. Since mental anguish or suffering is a proper subject for damages in cases where one in good health and strength, sound in mind and members, by reason of the wrongful act of another, is reduced to the state of a physical wreck, maimed and crippled for life, broken in body and spirit; and, since the jury may presume mental anguish in the absence of affirmative evidence thereof in cases where such would be the natural consequence of such injury, we can see no good reason, since parties to the suit may testify, why they may not relate their mental anguish as well as their physical sufferings. And we understand that this mental suffering may be, in part at least, the result of comparing their present wretched, dependent condition and hopeless future, with the bright, happy and independent life of which they were deprived by the injury, as well as the contemplation of the

fact that they must suffer from the effects of such injuries during the balance of their lives. The distinguished counsel for appellant have not favored us with a definition of the kind of mental anguish for which, in their opinion, damages may be given other than as expressed in their requested charge; but we are unable to see why the mental sufferings of this man in contemplating his changed condition from a bright, happy life to a living death should not form one of the natural results of such an injury and a proper subject of evidence and of damages.

· All the other assignments of error have been carefully considered by us, and are overruled, and we deem it unecessary to discuss them, as no new question is raised thereby.

Finding no error in the judgment, it is affirmed.

*Affirmed.*

Writ of error refused.