CITIZENS' RY. CO. v. BRANHAM. †

(Court of Civil Appeals of Texas. Austin. April 12, 1911. Rehearing Denied May 17, 1911.)

1. APPEAL AND ERROR (§ 1064*)—REVIEW—HARMLESS ERROR—INSTRUCTIONS.

Where an oiler was injured in oiling a stationary engine in the dark, and the controlling issue was whether or not he was guilty of contributory negligence in failing to discover that the engine was running, a charge that if the plaintiff was "entirely familiar with the mechanism of the engine," and if he "necessarily would have seen if he had looked, or heard if he had listened," the verdict should be for the defendant, was not erroneous; for, while the defendant might be entitled to a verdict on other facts, it was entitled to a verdict on these, and was not harmed because they were submitted conjunctively.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1064.*]

2. DAMAGES (§ 53*)—MEASURE OF DAMAGES—PERSONAL INJURIES—MENTAL SUFFERING.

In an action for personal injuries, mental suffering caused by the plaintiff's incapacity to earn a living may be considered in measuring the damages.

[Ed. Note.—For other cases, see Damages, Cent. Dig. § 100; Dec. Dig. § 53.*]

Appeal from District Court, McLennan County; Marshall Surratt, Judge.

Action by J. S. Branham against the Citizens' Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Clark, Yantis & Clark, for appellant. Williams & Williams, for appellee.

JENKINS, J. [1] Appellee was night oiler in appellant's power plant, in which there were several engines. The turbine engine was running the entire plant, when it sudden-

ly stopped, and all the lights went out. Appellee alleges that he was ordered by appellant's engineer to oil another engine, which had not theretofore been used, except to test it; that it was very dark in the engine room, and that no light was furnished him; that he happened to know where a lantern was, and got it, but that it had a red globe, and was dirty, and would give no light; that while he was preparing to oil said engine it was started to running, of which fact he was not aware; that in attempting to oil said engine three of his fingers were cut off. The proof is sufficient to sustain these allegations, and to sustain the verdict of $3,000, rendered in his favor, unless he was guilty of contributory negligence.

The controlling issue is as to whether appellee, by the exercise of ordinary care, should have known that the engine was running when he attempted to oil it. If the engine had not been running, there would have been no danger; if by looking and listening he could have ascertained that it was running, and the exercise of ordinary care demanded under the circumstances of the case that he should have looked and listened, he was guilty of contributory negligence. This issue was submitted to the jury under a special charge requested by appellant, and was decided in favor of appellee.

Appellant complains that the main charge of the court placed too great a burden on it by using the words "entirely familiar with the mechanism of the engine," and if he "necessarily would have seen if he had looked, or heard if he had listened." If so, the error was corrected by the special charge given. But such charge was not affirmative error. The court told the jury that, if such were the facts, their verdict should be for the defendant, and it should have been, though the defendant might have been entitled to a verdict upon other facts. In Railway v. Hill, 95 Tex. 636, 69 S. W. 139, the Court of Civil Appeals made the following statement: "The defenses were nowhere submitted disjunctively. The contention was that submitting the defenses conjunctively placed too great a burden on the defendant, in that it required it to prove all of its defenses, whereas the proof of any one of them was sufficient. The following questions were certified: (1) Was that portion of the charge complained of such affirmative error as to require a reversal, in the absence of a special charge requesting the submission of the defenses separately? (2) If error, was it cured by giving the following special charge [setting it out] at the request of the plaintiff?" The Supreme Court replied as follows: "We answer the first question in the negative. * * * The second need not be answered."

The charge is not subject to the criticism that it assumes the existence of controverted

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes
† Writ of error denied by Supreme Court.

facts, or of negligence, nor that it authorized the jury to pass on negligence other than submitted in the charge for their consideration. Special charge No. 8, refused, did not amplify the charge given in any material sense. We do not think that the use of the technical expression "proximate cause" would have aided the jury. Railway Co. v. Ormond, 64 Tex. 489.

[2] There was no error in refusing special charge No. 4, for the reason that it ignored the issue as to appellant's knowledge of the engine being in motion. There was no error in permitting appellee to testify that he had suffered mental distress by reason of being incapacitated to earn a livelihood.

Finding no error in the record, the judgment is affirmed.

Affirmed.