FT. WORTH BELT RY. CO. v. TURNEY.

(Court of Civil Appeals of Texas. Ft. Worth.
March 22, 1913. Rehearing Denied
April 26, 1913.)

1. DAMAGES (§ 48*)—PERSONAL INJURIES—MEASURE OF DAMAGES—MENTAL SUFFERING.

Mental suffering, due to the belief of a servant who incurred personal injuries, that he would not again be able to labor and earn money to support himself and family, is an element of damage for which compensation may be recovered; such perturbation naturally flowing from the injury.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 100–103, 255; Dec. Dig. § 48.*]

2. MASTER AND SERVANT (§§ 101, 102*)—INJURIES TO SERVANT—SAFE PLACE TO WORK—DUTY OF MASTER.

A master is bound only to exercise ordinary care to furnish its servants with reasonably safe and suitable appliances for work, hence a charge that it was the duty of a railroad company to furnish its employés with reasonably safe and suitable appliances, and, in doing so, to use a degree of care proportioned to the hazard imposes too high a degree of care.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 135, 171, 174, 178–184, 192; Dec. Dig. §§ 101, 102.*]

3. TRIAL (§ 296*)—INSTRUCTIONS—CURE OF INSTRUCTIONS BY OTHERS.

In a personal injury action by a switchman who was hurt owing to the breaking of a brake chain on a car not the property of the master, a charge that it is the duty of a railroad company to furnish its employés with reasonably safe appliances, and in doing so to use a degree of care proportionate to the hazard, though imposing too high a degree of care, is cured by other charges that a railway company is not bound to furnish absolutely safe appliances, but is required to use reasonable diligence, and that plaintiff could recover only if defendant had not exercised ordinary care in discovering the defect which caused the injury; defendant being bound only to guard against defects which could be discovered by a reasonably careful inspection.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. § 296.*]

4. TRIAL (§ 260*)—INSTRUCTIONS—REFUSAL.

The refusal of a requested charge, covered by the charges given, is not error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

Appeal from District Court, Tarrant County; Jas. W. Swayne, Judge.

Action by W. N. Turney against the Ft. Worth Belt Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Chapman & Lockett, Spoonts, Thompson & Barwise, and Lassiter, Harrison & Rowland, all of Ft. Worth, for appellant. Bell & Milam, of Ft. Worth, for appellee.

CONNER, C. J. W. N. Turney recovered a judgment of $2,500 as damages for personal injuries received while in the employ of the appellant company as a switchman. He alleged that while in the discharge of his duty and while attempting to set a brake upon a specific car that the "brake chain or eyebolt of the chain broke through some defect not known to him, causing him to fall from the top of the car to the ground, inflicting serious injuries." The proof was undisputed that the car in question belonged to Armour & Co. and had been but a short time prior to the accident delivered to the appellant company for the purpose of being switched, and the only issue of negligence alleged as a ground of recovery that the court submitted in his charge was whether the company was guilty of negligence in failing to exercise reasonable care to discover the defect in the chain by an inspection.

[1] Upon the trial appellee was permitted to testify, in substance, over appellant's objection, that as a result of his injuries all he "could figure out" was "that he was knocked out and could see no show of working in the future," and that as a result he suffered mentally. Error is assigned to the admission of this testimony; appellant's proposition being that: "Mental suffering, due to one's belief that he will not be able to labor and earn money, is not an element of damages in a personal injury suit."

Appellant cites no authority in support of the proposition quoted and we cannot sustain it as broadly as it is stated. The rules of law are intended to afford compensation for all natural consequences flowing from personal injuries occasioned through the fault of another, and mental anxiety naturally resulting is recoverable. See Sutherland on Damages (2d Ed.) § 1241; M., K. & T. Ry. Co. of Tex. v. Warren, 39 S. W. 652. It seems to us that the physical pain resulting from the injury, which is clearly an element of damage, was not more natural then the distress and anxiety of mind occasioned by the consciousness that the injury received was such as to wholly incapacitate the head of the family from pursuing his usual occupation; thus to provide for those dependent upon him.

[2, 3] Error is also assigned to the following paragraph of the court's charge: "It is the duty of a railway company to furnish its employés reasonably safe and suitable appliances for the performance of the duties which they are engaged in performing, to keep the same in reasonably safe and good repair for the transaction of its business, and in doing so to use a degree of care proportioned to the hazard or danger which might reasonably be anticipated as consequent upon its negligence." The charge quoted standing alone would impose upon appellant too great a burden. Appellant's duty extended no farther than to exercise ordi-

nary care to furnish its employés reasonably safe and suitable appliances in the performance of their duties, but we think that the abstract statement of the law as given in the section under consideration was harmless in view of the fact that the court in the same connection further charged the jury that: "A railway company is not bound to furnish absolutely safe appliances with which its employés can perform their duties or to keep them absolutely safe, but it is required to use reasonable diligence to provide reasonably safe appliances, and after having done so to keep the same in a reasonably safe condition, as mentioned, and if the company fails in either of these respects and injuries are occasioned thereby to one of its employés, then the company is guilty of negligence." And also in applying the law to the facts authorized a finding for the plaintiff only in the event that the jury found that appellants had not exercised ordinary care to discover the defects complained of, also further particularly instructing the jury that: "The defendant would not be liable for any defects in the eyebolt on the brake staff or of the chain to which it was attached which could not have been discovered by a reasonably careful inspection. If, therefore, you believe from the evidence that the eyebolt on said brake staff or the chain to which it was connected was defective, but that such defect, if there was one, was of such a character that it could not have been discovered by an inspection or examination of the same with reasonable care then the defendant would not be liable and your verdict should be for the defendant." See St. L. & S. F. Ry. Co. v. McLain, 80 Tex. 87, 15 S. W. 789.

[4] The only remaining assignment of error goes to the action of the court in refusing to give appellant's special charge No. 10, which in substance was fully embodied in the court's general charge hereinabove last quoted.

We conclude that the evidence supports the material allegations of appellant's petition and that no reversible error was committed upon the trial. All assignments are accordingly overruled and the judgment affirmed.