## TEXAS & P. RY. CO. v. CROCKETT.
### (No. 350.)

Court of Civil Appeals of Texas. Eastland.
Oct. 7, 1927.

Rehearing Denied Oct. 28, 1927.

**1. Railroads ⚖══278(2)—Employee of third party could rely upon railroad's agreement not to move cars being unloaded.**

One employed by third party to unload railroad cars, who was injured by moving of car, had right to rely on contract of railway company not to move cars situated on team track in process of being unloaded without first notifying persons engaged in work of unloading.

**2. Trial ⚖══404(4)—In action for injuries in which plaintiff pleaded railroad's contract not to move cars being unloaded, court by rendering judgment for plaintiff necessarily found contract to exist.**

In action for personal injuries sustained by plaintiff while unloading railroad cars, in which plaintiff alleged that railway company agreed not to move cars being unloaded without notifying persons unloading, court by rendering judgment for plaintiff necessarily found that contract existed.

**3. Railroads ⚖══282(4)—Evidence plaintiff's employer told him not to take down skids used in unloading car held admissible on issue of contributory negligence.**

In action for personal injuries sustained by one employed to unload railroad cars, evidence that plaintiff's employer instructed him not to take down skids used for unloading when leaving car at noon *held* admissible on issue of contributory negligence, as explaining plaintiff's act in placing body under car.

**4. Damages ⚖══53—Mental worries naturally resulting from injury are elements of damage.**

Mental worries naturally resulting from injury sustained are proper elements of damage.

**5. Damages ⚖══178—In action for injuries, permitting plaintiff, on issue of damages, to state that he worried because of injury, held not error.**

In action against railway company for injuries by one employed to unload railroad cars, permitting plaintiff to state that he worried by reason of his injury *held* not error, since if his worrying naturally resulted from injury it was proper element of damages.

**6. Damages ⚖══173(1)—In action for injuries, plaintiff's testimony regarding his education was admissible on question of ability to earn money without use of arm.**

In action for personal injuries against railway company, testimony of plaintiff as to his having gone no further in school than fifth grade was admissible as showing his ability to earn money in future after having been deprived of use of arm.

**7. Appeal and error ⚖══1056(1)—Where plaintiff's case rested on theory that railroad car he was unloading should not have been switched without notice, excluding evidence that person under cars was in obvious danger held not prejudicial.**

Where plaintiff's action for injuries rested on theory that cars he was employed to unload were not to be switched without notifying him, excluding evidence that person down under cars like plaintiff was, with trains switching around, was necessarily in an obvious place of danger, *held* not prejudicial.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Action by Ed Crockett against the Texas & Pacific Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Shropshire & Bankhead, of Weatherford, for appellant.

Randell & Randell, of Sherman, for appellee.

HICKMAN, J. For a statement of the nature of this case reference is made to an opinion by the Fort Worth court on a former appeal in Lancaster v. Crockett, 271 S. W. 307. After the case was remanded in accordance with that opinion, the plaintiff amended his petition, embodying therein the additional allegations, in substance, that it was the establishd rule and custom that no car standing on the team track where appellee was injured should be moved, and no car switched or run on said track, without first notifying persons engaged in the work of unloading a car on that track; that the agents and servants of the appellant who were in control of the switchyard in Eastland had promised those engaged in the work of unloading said car that the car would not be interfered with or moved and that switching would not be done on the track during the day the unloading was taking place. In short, appellee pleaded both an agreement and an established custom not to move a car situated on the team track in the process of being unloaded without first notifying those persons who were engaged in such work of unloading.

The case was submitted to the jury on special issues, by the answers to which the jury found that appellee received injuries by being struck by the movement of cars on the team track in appellant's yard; that those operating the railway business of appellant on that occasion failed to give notice to appellee that the cars being unloaded were about to be moved; that such failure to give notice was negligence, which was the proximate cause of appellee's injury; that appellee was not guilty

of contributory negligence; and that $10,-000 as a present payment would fairly and reasonably compensate appellee for his injuries. The facts disclosing that the properties of the railway company had been by order of the court taken from the possession of the receivers and restored to the possession of the company, judgment was rendered upon the verdict of the jury that the receivers be discharged with their cost, and that appellee have judgment against the appellant railway company for $10,000. The appeal is from this judgment.

By various assignments and propositions of law appellant presents to this court the contention that the undisputed facts disclosed by the record show that, as a matter of law, appellee was a trespasser upon the premises of appellant and was himself guilty of contributory negligence, proximately causing his injuries. After a careful consideration of the evidence and the authorities cited in support of this contention, we have concluded that appellee was not a trespasser, and that the finding by the jury that appellee was not guilty of contributory negligence should not be disturbed.

[1, 2] We shall not in this opinion discuss and distinguish the authorities relied upon by appellant in support of this contention. In the former opinion in this case, Justice Buck, of the Fort Worth court, discussed what we consider the leading cases cited by appellant, and a further discussion thereof by us in this opinion would serve no useful purpose. This cause was remanded for another trial because the record before the Fort Worth court on the former appeal was silent as to any agreement on the part of those operating appellant's trains and engines that the cars on the team track which were being unloaded should not be disturbed while the unloading was in process. The record comes to us with substantial evidence, of an agreement not to move or disturb cars on the team track while they were in process of unloading, and with a finding by the jury that appellee was not guilty of contributory negligence. As we view the case, in order for us to hold that, as a matter of law, the uncontradicted evidence showed appellee to be guilty of contributory negligence, we would be compelled to hold that, notwithstanding the fact that appellant had agreed not to disturb a car on said track in the process of being unloaded, which agreement had been communicated to appellee, yet appellee had no right to rely thereon. We do not believe that negligence can be imputed to appellee under the state of the record as it comes to us, but that he had the right to rely upon the contract which the court, by rendering judgment in his favor, necessarily found to exist, and all assignments raising this question are overruled.

[3] The brief contains various assign-ments complaining of the action of the trial court admitting and excluding evidence. It is urged that it was error for the trial court to permit the appellee while on the witness stand to testify in substance that, when he went away from the car upon which he was working at noon, he was instructed by his employer, Mr. Jew Roper, not to take down the skids being used for the unloading. It is insisted that this communication was from a person not shown to be authorized to speak for appellant, and that statements made by him outside of the hearing and presence of the appellant were irrelevant, immaterial, incompetent, and hearsay. We think the rule of evidence relied upon by appellant as a basis for the exclusion of this evidence has no application in this case. The evidence was admissible on the issue of contributory negligence. It was not offered, nor would it have been admissible, to bind appellant; but it was admissible in explanation of appellee's act in placing his body under the car. This assignment is overruled.

[4, 5] It is contended that the trial court erred in permitting the appellee to testify that he was worried by reason of his injury. The bill of exceptions shows that appellee's counsel propounded to him the following interrogatory: "State to the jury whether or not you were worried or not worried about it by reason of your injury." To which appellee answered: "Yes, sir; I was." The objection was made that any answer the witness might make to the question was wholly immaterial, irrelevant, incompetent, and improper, and did not tend to support any proper issue in this case. We think the bill discloses no error. The inquiry with regard to appellees worrying was not pursued further. While it is well settled that mental worries which are not the direct and natural result of an injury are too remote and speculative to be considered as elements of damages in a personal injury action, yet mental worries, uneasiness, anguish, and anxiety naturally resulting from injury or wrong are proper elements of damage. The bare statement that he worried, when there is no question raised as to the correctness of the court's charge on the elements of damages to be considered by the jury, does not present error. If his worrying naturally resulted from the injury or wrong, it was a proper element of damages. Texas Mexico R. Co. v. Douglas, 73 Tex. 325, 11 S. W. 333; Fort Worth Belt R. Co. v. Turney (Tex. Civ. App.) 157 S. W. 274; Decatur Cottonseed Oil Co. v. Belew (Tex. Civ. App.) 178 S. W. 607; St. Martin v. New York, New Haven & Hartford Ry. Co., 89 Conn. 405, 94 A. 279, L. R. A. 1916D, 1035.

[6] The testimony of appellee with reference to his having gone no further in school than the fifth grade was admissible as showing his ability to earn money in the future

after having been deprived of the use of his arm.

[7] Appellant was not prejudiced by the ruling of the trial court excluding the proffered testimony of the witness Swearingen that a person down under cars, like appellee was, with trains switching and moving around in the yards and apt to come on the switch track at any moment, was necessarily in an obvious place of danger. Any intelligent person would be of the opinion that if cars were apt to have been switched on this track at any moment appellee was in an obvious place of danger. We would not permit a contrary conclusion to stand. Appellee's case rests on the theory that cars were not to be switched on this track without prior notice to him, and it is immaterial to that theory that the position occupied by him at the time of the accident would have been dangerous under other and different circumstances. No harm could have resulted to appellant by this ruling, and the assignments relating thereto are overruled.

The judgment is not excessive in amount; no error committed by the trial court prejudicial to appellant has been pointed out; and the case should, therefore, be affirmed. It is accordingly so ordered.