**SOUTHERN PUB. CO. v. FOSTER.**
No. 982.

Court of Civil Appeals of Texas. Waco.
Jan. 29, 1931.

Rehearing Denied March 12, 1931.

Sleeper, Boynton & Kendall, of Waco, for
appellant.

**232**

W. R. Poage and Joseph W. Hale, both of Waco, for appellee.

BARCUS, J.

Appellee instituted this suit against appellant to recover damages, which he claims to have suffered by reason of the publication of the following article in the Times Herald, a newspaper of general and wide circulation owned and operated by appellant:

"Damage Suit Filed vs. Waco American

"Circulation Contest Drawn in the Courts

"A suit against the Central Texas Publishing Company et al growing out of a circulation contest recently sponsored by the Waco American, a daily newspaper published here by that company, was filed this morning in the 19th District Court by Wade H. Nesbitt, a contestant.

"Those named in the suit are W. H. Bleam, W. S. Foster, T. D. Walling, F. D. Dennison, A. J. Hubbard and the Sanger Motor Company.

"Nesbitt asked judgment against the defendants jointly and severally for alleged damages."

Appellee alleged that appellant meant by the use of the words, "Those named in the suit are W. H. Bleam, W. S. Foster," etc., and intended to mean by the use of said words, that appellee, W. S. Foster, had been sued as a defendant in said suit, and that damages were asked against him in said suit. Appellee alleged that as a matter of fact he was not named as one of the defendants in said suit, neither was there any damage asked against him, and that said article was libelous, and that appellant, by the publication thereof, intended to and did convey the idea to its readers that he was untrustworthy and could only be compelled to carry out his undertakings and promises by suit, and alleged that such interpretation was the interpretation that would be placed thereon by the ordinary reader. Appellee further alleged that appellant, in publishing said article, intended to and did damage and injure his standing and influence and the faith and confidence the public had in him, and did expose him to public hatred, contempt, and ridicule, and tended to impeach his honesty, integrity, virtue, and reputation, in order that it might destroy appellee and be able to perpetuate its monopoly of the publication of the daily paper in Waco and vicinity. Appellee further alleges that said publication was wickedly, maliciously, and designedly published for the purpose of injuring him, and that in connection therewith, and as evidence of said wicked and malicious design, appellant published, on December 8, 1928, an article relating to W. H. Bleam, under the heading "Publisher of American Arrested," and that on the following day, which was Sunday, appellant published

an item relating to W. H. Bleam under the heading: "Bleam Released on $1,000.00 Bond." Appellee alleged that appellant by publishing said articles relating to W. H. Bleam, who appellant named as one of the co-defendants with appellee in the damage suit filed by the Waco American, intended to and did mean to convey the idea to the reading public that W. H. Bleam was untrustworthy, unreliable, and not worthy of the confidence and support of the public, and that appellant intended to mean and did mean, by publishing said articles relating to W. H. Bleam, that appellee was of the same character of person as W. H. Bleam, who had been charged with a crime and arrested and put under bond.

Appellant answered by a general demurrer and a number of special exceptions, and by way of special answer alleged that the publication was not libelous or defamatory, and that the statement published therein was true, and that said statement did not allege that appellee had been sued as a defendant, but that his name had been mentioned in the pleadings filed in said cause, and contended that appellee could not, by innuendo, enlarge said article and thereby make same libelous or defamatory. It further alleged that it did, immediately after same was called to his attention by appellee, publish a correction thereof, in which correction it stated that appellee was not named as one of the defendants in said suit, and that no personal judgment was asked against him by the plaintiff Wade H. Nesbitt.

The cause was tried to a jury and submitted on special issues, and the jury found that the article in question reasonably conveyed the idea to the ordinary reader that appellee was being sued in said suit, and that said article reasonably conveyed the idea to the ordinary reader that appellee was untrustworthy and could only be compelled to carry out his undertakings and promises by suit, and that said article exposed appellee to public hatred, contempt, or ridicule, or financial injury, or impeached his honesty, or his reputation, and found that said article was not substantially true, and found that appellee had suffered damages as the proximate result of said article in the sum of $2,500. Based on the findings of the jury, the trial court entered judgment for said amount for appellee.

By a number of propositions, appellant presents the general proposition that the trial court committed error in overruling its general demurrer and its various special exceptions, and in refusing to sustain its motion for instructed verdict, and in submitting the special issues, because the article complained of is not libelous per se, and because its meaning could not be enlarged by any proper innuendo deducible therefrom and no special damage was proven, and because said article was

substantially true. We overrule these propositions.

■ The record shows that the suit brought by Wade H. Nesbitt named the Central Texas Publishing Company, a corporation, of which W. S. Foster (appellee) was president, and upon whom service of citation could be had, and H. W. Bleam, T. D. Walling, A. J. Hubbard, and Sanger Motor Company, a corporation, of which Asher Sanger is president, as defendants, and asked for judgment against each of the defendants, jointly and severally, in the sum of $10,800. The reporter for appellant who obtained the news item that was published, as well as the managing editor under whose supervision it passed before same was published, testified, in substance, that they thought appellee, W. S. Foster, had been named as one of the defendants in said suit and was being sued as such and that a personal judgment was being sought against appellee, and that it was their intention to convey such an impression or idea to the reading public. Whether the article as a matter of law should be construed as meaning that appellee had been sued as a defendant, it is not necessary for us to, and we do not, determine, since the issue was submitted to the jury, and it so found. The general rule for the construction of an article published is stated by the Supreme Court in A. H. Belo & Co. v. Smith, 91 Tex. 221, 42 S. W. 850, 851, as follows: "The question is: What effect would the publication have upon the mind of the ordinary reader? What construction would he have put upon it? For in defamatory language it is not so much the idea which the speaker or writer intends to convey as what he does in fact convey. It is the effect upon the character of the person alleged to be defamed by the utterance which the law considers, and therefore the utterer uses the language at his peril." This now seems to be the accepted rule in Texas. Guisti v. Galveston Tribune, 105 Tex. 497, 150 S. W. 874, 152 S. W. 167; Walker v. San Antonio Light Pub. Co., 30 Tex. Civ. App. 165, 70 S. W. 555; Times Publishing Company v. Ray (Tex. Civ. App.) 1 S.W.(2d) 471; Id. (Tex. Com. App.) 12 S.W.(2d) 165.

■ The above authorities hold also that a published article which is ambiguous and uncertain in its meaning may be made intelligible by pleading innuendos which are deducible from the article as published, and if the article, read in the light of said innuendos, is libelous and defamatory, same is actionable. If the published article is plain and unambiguous, appellant, of course, is correct when it says that such an article cannot be made defamatory or libelous by innuendos. We think the pleadings and the evidence amply support the finding of the jury that the article in controversy here was intended to and did convey the idea that appellee had

been sued as a defendant and that a personal judgment was sought against him. If the article is not libelous per se, it is, in the light of the pleadings and evidence, capable of being understood by the ordinary reader as alleging the appellee had been in said cause of action sued as a defendant. It is the reasonable or ordinary construction given a written document by the ordinary reader which largely controls the determination as to whether it is libelous or defamatory in its nature. The jury found said issues favorably to appellee, and said findings are abundantly supported by the testimony.

■ Appellant further complains at the action of the trial court in overruling its exceptions to that portion of appellee's pleadings which alleged the publication of certain articles relative to H. W. Bleam and to the action of the trial court in permitting said articles to be introduced in evidence; said portion of appellee's pleadings related to the maliciousness with which appellee claimed the article affecting him was published. For said purpose we think the pleadings as well as the evidence were proper. The trial court did not submit the issue as to whether the article was published maliciously, and no request was made by appellant to have said testimony withdrawn from the jury after the court determined not to submit same, and appellee does not complain at the action of the trial court in having failed to submit that issue. We do not think, in the light of the record, there was any error in the court's action in overruling said exceptions or in admitting said testimony.

■ Appellant contends the trial court erroneously permitted appellee to testify that the publication of the article in controversy caused him mental suffering, chagrin, and embarrassment, its contention being that said testimony is purely a conclusion of the witness. We overrule these propositions. Appellee testified fully with reference to the entire matter, both on direct and cross-examination, and in connection therewith testified that the publication of the article did cause him mental suffering, chagrin and embarrassment. We think there was no error in the action of the trial court in admitting said testimony. Where, as in this case, said conditions, if caused, are proper to be considered by the jury in arriving at the amount of damages, our courts have uniformly held that the plaintiff can testify relative thereto. M., K. & T. Ry. Co. v. Miller, 25 Tex. Civ. App. 460, 61 S. W. 978 (error refused); Texas Electric Ry. Co. v. Whitmore (Tex. Civ. App.) 222 S. W. 644 (error dismissed); T. & P. Ry. Co. v. Crockett (Tex. Civ. App.) 298 S. W. 654; Central Texas Mutual Life Insurance Association v. Parrish (Tex. Civ. App.) 23 S.W.(2d) 780.

■■ Appellant contends that the verdict of the jury is excessive and was a result of

prejudice or some undue influence. The record shows that at the time of the publication of the article in question appellant owned and published the only two daily papers being published in the city of Waco, and that appellee had organized a company, of which he was president and manager, to establish a daily paper. He had, according to his testimony, practically made arrangements to finance the paper, and had obtained a substantial advertising list, and contracted for the necessary printing presses and machinery and was in a position to have speedily begun the publication of a daily paper. The evidence tends to support his contention that, as a result of the publication of said article, those from whom he was to borrow money and who were to go into the new enterprise with him refused or failed to make the loans and refused to go into the newspaper business with him, and that as a result the enterprise failed and had to be abandoned. Under appellee's testimony he had been engaged in publishing and editing newspapers for a number of years in different sections of Texas and had come to Waco with his family for the purpose of engaging in the newspaper business, and up to said time had enjoyed a good social, moral, and financial reputation. The question of the amount of damages in a case of this character is largely in the discretion of the jury, and, unless it is apparent from the record that the verdict is excessive or is a result of prejudice, the appellate court should not disturb same. In view of the entire testimony as reflected by the record, we cannot say that the verdict is excessive, or that the trial court abused its discretion in refusing to set aside same by reason of its excessiveness.

We have examined all of the other propositions presented by appellant and same are overruled, and the judgment of the trial court is affirmed.