**TEXAS AND NEW ORLEANS RAILROAD COMPANY, Appellant,**

v.

**Roy L. CADE, Appellee.**

No. 3914.

Court of Civil Appeals of Texas.

Waco.

Nov. 16, 1961.

Rehearing Denied Dec. 7, 1961.

Keith, Mehaffy, McNicholas & Weber. Beaumont, for appellant.

Barber & Seale, Jasper, for appellee.

WILSON, Justice.

Excessiveness of a $79,000 verdict is the chief complaint in this FELA case. Liability findings are not challenged.

Plaintiff's age was 45 at the time of the alleged injury. He had been continuously employed by the railroad as a track laborer for sixteen years. His previous employment record shows he had lost no appreciable work time. Although he had completed only the third grade in school, his wages had increased to $2 per hour. Previously his earnings were about $4,000 per year. Hospitalization directed by the railroad company was followed by an attempt to work for ten days, after which the company physicians returned him to the hospital for further examination, traction, a myleogram and lumbar laminectomy. Those performing this surgery who treated plaintiff for the company did not testify. After additional time in the hospital, plaintiff twice resumed efforts to work, but was again sent to the hospital for 28 days by the company's surgeon. He was then referred by his counsel to an orthopedic surgeon, whose qualifications were conceded.

The orthopedic surgeon testified that at the time of trial additional surgery for spinal fusion was necessary, and plaintiff could not perform manual labor; that his examination showed narrowed interspace, and immobilization was needed to prevent collapse; that nerve root pressure caused pain and muscle spasm. In his opinion an additional herniated nucleus pulposus or disc involvement existed. On cross-examination he testified an average of eighty-five per cent of fusion operations are successful, and if such surgery on plaintiff resulted favorably, he would be free from pain; that X-rays indicated the previous laminectomy was done between two separate interspaces. If the new operation was

**664**

successful, he would not say plaintiff would be to totally and permanently disabled; and "we have returned a lot of them to their former jobs."

 Although we regard the award as high and its characterization by appellant as understandable, we have carefully examined the record and we cannot say it is excessive.

Admission of plaintiff's testimony that his inability to earn money had caused him concern and worry is urged as ground for reversal. The company says it was also error to include the element of "mental suffering" in the damage issue, since this testimony was the only evidence thereof. The latter contention is not considered meritorious. The law infers mental suffering results from severe injuries. Texas & Pacific Ry. Co. v. Curry, 64 Tex. 85, 88.

Inadmissibility of the evidence complained of is supported by Pittman v. Baladez, 158 Tex. 372, 312 S.W.2d 210, 213; Texas Mexican Ry. Co. v. Douglas, 69 Tex. 694, 7 S.W. 77, 79; Planters' Oil Co. v. Mansell, Tex.Civ.App., 43 S.W. 913, no rehearing; Jarbet Co. v. Hengst, Tex.Civ. App., 260 S.W.2d 88, 93, no writ. That reversal is required does not necessarily follow. In each of the foregoing cases other errors weighed to produce remand. In Pittman v. Baladez, the point was one of others held to present error "before considering the point upon which the reversal is predicated" [158 Tex. 372, 312 S.W.2d 212], that being a different "question which requires a reversal". In our opinion this case should not be reversed solely because plaintiff testified his inability to make money had caused concern and worry. See Texas & P. Ry. Co. v. Crockett, Tex.Civ.App., 298 S.W. 654, writ ref.; M. K. T. v. Miller, 25 Tex.Civ.App. 460, 61 S.W. 978, 979, writ ref.; Fort Worth Belt Ry. Co. v. Turney, Tex.Civ.App., 157 S.W. 274, no writ: Citizens Ry. Co. v. Branham, Tex.Civ.App., 137 S.W. 403, 404, writ ref.; Decatur Cot-

ton Seed Oil Co. v. Belew, Tex.Civ.App., 178 S.W. 607, 613, writ ref.; Texas Utilities Co. v. Dear, Tex.Civ.App., 64 S.W.2d 807, 814, writ dis.

Affirmed.